

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff/Respondent, vs. CHASE RAY STRIKE, Defendant/Movant. | Cause No. CR 10-06-BLG-SPW<br>CV 14-37-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On March 19, 2014, Defendant/Movant Chase Ray Strike filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He also moved to proceed in forma pauperis and seeks the appointment of counsel. Strike is a federal prisoner proceeding pro se.

Strike pled guilty to conspiracy to possess ecstasy with the intent to distribute it. He had prior felony convictions for criminal endangerment and for accountability for aggravated assault. Presentence Report ¶¶ 21, 35, 40. Consequently, Strike was designated a career offender. U.S.S.G. §§ 4B1.1(a), (b)(3), 4B1.2(a). His offense level was elevated from 26 to 32, and his criminal history category was raised from IV to VI. He was ultimately sentenced to serve 160 months in prison, to be followed by a three-year term of supervised release. Judgment (Doc. 45) at 2-3.

1

Relying on *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276, 2282 (2013), Strike asserts that criminal endangerment, as defined in Montana law, no longer qualifies as a "crime of violence" under U.S.S.G. § 4B1.1(a). Mot. § 2255 (Doc. 59) at 1-4. A "crime of violence" is:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> **(1)** has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> **(2)** is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) & Application Note 1; *see also id.* § 4B1.1(a)(3) & Application Note 1.

Mont. Code Ann. § 45-5-207(1) defines criminal endangerment as "knowingly engag[ing] in conduct that creates a substantial risk of death or serious bodily injury to another." While subsection (1) of § 4B1.2(a) does not apply, subsection (2) does. By the terms of its statutory definition, criminal endangerment categorically "involves conduct that presents a serious potential risk of physical injury to another." *Cf. United States v. Bailey*, 139 F.3d 667, 667-68 (9th Cir. 1998) (holding similar Arizona statute constituted "crime of violence" under U.S.S.G. § 4B1.2). Criminal endangerment under Montana law is, categorically, a crime of violence.

Strike appears to believe that criminal endangerment includes crimes against property and so should not be considered categorically a crime of violence. Mot. § 2255 at 2 ¶ 6. He is correct that the statute mentions tree-spiking as an example of the conduct it covers. But the elements of the offense require the State to prove, in every case, the defendant knowingly engaged in conduct that created a substantial risk of death or serious bodily injury to a *person*. The example and the statute do not address the damage to the tree that is caused by tree-spiking; they address the potentially fatal consequences when a person begins to cut down a tree with an iron spike concealed in it. The Montana Code codifies property crimes in chapter 6 of Title 45. Criminal endangerment is codified in part 2 of chapter 5 of Title 45, along with "Assault and Related Offenses," because it is an offense against persons.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. Strike's claim does not make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Reasonable jurists could not conclude that criminal endangerment, defined under Montana law in terms virtually identical to the residual clause of U.S.S.G. § 4B1.2(a)(2), is not a "crime of violence." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

3

Accordingly, IT IS HEREBY ORDERED as follows:

1. Strike's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 59) is DENIED;

2. The motions to proceed in forma pauperis and for the appointment of counsel (Docs. 59-1, 59-2) are MOOT.

3. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Strike files a Notice of Appeal;

4. The Clerk of Court shall ensure that all pending motions in this case and in CV 14-37-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Strike.

DATED this 20th day of March, 2014.

Susan P. Watters
United States District Court