
FILED
APR 24 2014
Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>CHASE RAY STRIKE,<br><br>Defendant/Movant. | Cause No. CR 10-06-BLG-SPW<br><br>ORDER DENYING RULE 59(e)<br>MOTION AND DENYING<br>CERTIFICATE OF APPEALABILITY |

On March 20, 2014, this Court denied Defendant/Movant Chase Ray Strike's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Strike, a federal prisoner proceeding pro se, now asks the Court to reconsider its ruling under Fed. R. Civ. P. 59(e).

It does not appear the Ninth Circuit has decided whether a Rule 59(e) motion should be treated as a second or successive motion, as a Rule 60(b) motion would be. *See Gonzalez v. Crosby*, 545 U.S. 524, (2005), or whether a Rule 59(e) motion is more accurately characterized as a continuation of proceedings on Strike's first § 2255 motion, rather than a second or successive motion. There is a circuit split on that issue. *Compare, e.g., Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011); *Howard v. United States*, 533 F.3d 472, 476 (6th Cir. 2008), *with United States v. Pedraza*, 466 F.3d 932, 933-34 (10th Cir. 2006); *Williams v. Norris*, 461 F.3d 999, 1004 (8th Cir. 2006).

1

If *Gonzalez* applies to motions under Rule 59(e), Strike's motion asking the Court to consider again what it has already decided is a second or successive motion to vacate the criminal judgment under § 2255. *Gonzalez*, 545 U.S. at 532. Because Strike has not obtained leave of the court of appeals to file the motion, *see* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A), the Court lacks jurisdiction to consider it, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

If *Gonzalez* does not apply and this Court has jurisdiction to decide the Rule 59(e) motion, the motion fails for lack of merit. Relief is available under Rule 59(e) if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001), *quoted in Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011). Strike maintains that criminal endangerment under Montana law is at least on occasion a crime against property, so that, under *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276, 2282 (2013), criminal endangerment cannot be categorically a "crime of violence" under U.S.S.G. § 4B1.1(a). But the elements of criminal endangerment require the State to prove, in *every* case, the defendant knowingly engaged in conduct that created a substantial risk of death or serious bodily injury to a *person*. Mont. Code Ann. § 45-5-207(1). Strike's characterization of criminal endangerment as at least occasionally a crime

2

against property is not correct.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. Although reasonable jurists could and do disagree about the application of Rule 59(e) in a habeas action, Strike's claim does not make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), not even a generalized due process right. Reasonable jurists could not conclude that criminal endangerment, defined under Montana law in terms virtually identical to the residual clause of U.S.S.G. § 4B1.2(a)(2), is not a "crime of violence." Consequently, a certificate of appealability is not warranted. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Strike's motion under Rule 59(e) (Doc. 62) is DISMISSED for lack of jurisdiction or, in the alternative, DENIED for lack of merit; and

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Strike files a Notice of Appeal.

DATED this 24th day of April, 2014.

Susan P. Watters
United States District Court